UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RODNEY D. TATUM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:04-0748 |
| DANIEL WOODS and KELLOGG BROWN & ROOT, INC., | ) Judge Echols ) ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendant Daniel Woods' Motion for Summary Judgment (Docket Entry No. 57), to which Plaintiff Rodney D. Tatum has responded in opposition. The Motion for Summary Judgment presents the exact same issue (albeit in relation to the remaining Defendant) that the Court dealt with in ruling on Defendant Kellogg Brown & Root, Inc.'s ("KBR's") Motion to Dismiss (Docket Entry Nos. 17 and 18). In fact, Plaintiff's response to the Motion for Summary Judgment is virtually a carbon-copy of the response filed in opposition to KBR's Motion to Dismiss, although Defendant Woods' name is substituted where KBR's name appeared.

Given the similarity of the filings, the Court will not reiterate all that was said in the fourteen-page Memorandum which was issued with the Order on the Motion to Dismiss. Instead, that discussion is incorporated herein by reference.

## I. FACTS

The facts are undisputed and are as follows. On June 17, 2004, Plaintiff filed a lawsuit in the Circuit Court for Davidson County seeking recovery in damages for the alleged negligence of Defendants Woods (allegedly a resident of North Carolina) and KBR (alleged to be "a foreign corporation doing business in Tennessee). Plaintiff claims that he was seriously injured in Kuwait

1

on June 18, 2003 while riding as a passenger in a KBR semi-truck driven by Woods in the scope of Woods' employment with KBR.

On August 23, 2004, within thirty days after the receipt of service of the Summons and Complaint and without waiving any jurisdictional or other general defenses, KBR timely removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1446(a) and § 1332. Subsequently, KBR filed a Motion to Dismiss for Lack or Personal Jurisdiction, which the Court granted.

After Woods was eventually served, he filed the present Motion for Summary Judgment in which he seeks dismissal from this lawsuit on the grounds that the Court lacks personal jurisdiction over him. In support of the Motion, Woods has filed a Declaration in which he states that he (1) currently resides and works in Kuwait; (2) does not maintain a permanent residence in the United States; (3) has never done any business or maintained a residence or otherwise had any connection with Tennessee; and (4) was employed by KBR at the time of the accident. (Wood Decl. Docket Entry No. 57-2). Plaintiff does not challenge any of these assertions, and in fact agrees with Woods' Statement of Undisputed Facts.

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. APPLICATION OF LAW

The burden to establish the jurisdiction of the Court is on the Plaintiff. Third Nat'l Bank v. Wedge Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). Tennessee courts exercise personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. Bridgeport Music, Inc. v. Still N The Water Publ'g, 327 F.3d 472, 477 (6th Cir. 2003); Third Nat'l Bank, 882 F.2d at 1089; United Agric. Serv., Inc. v. Scherer, 17 S.W.3d 252, 256 (Tenn. Ct. App. 2000); Shelby Mut. Ins. Co. v. Moore, 645 S.W.2d 242, 245 (Tenn. Ct. App. 1981). Nevertheless, Plaintiff must show that the Defendant had sufficient minimum contacts with the forum such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003).

"Minimum contacts" exist when the Defendant's conduct and connection with the forum state are such that the Defendant "should reasonably anticipate being haled into court there." World-Wide

Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The Defendant must purposefully avail himself of the privilege of conducting activities within the forum state and thereby invoke the benefits and protections of the state's laws in order to ensure that the Defendant will not be haled into a particular forum on the basis of "random," "fortuitous," or "attenuated" activity, or by the unilateral activity of some other party or person. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

Personal jurisdiction may be either general or specific. General jurisdiction may be exercised over a non-resident defendant in a suit that "does not arise out of or relate to the contacts with the forum state but rather the defendant's contacts with the forum state are so 'continuous and systematic' that jurisdiction is proper." Gregurek v. Swope Motors, Inc., 138 S.W.3d 882, 885 (Tenn. Ct. App. 2003); Youn, 324 F.3d at 418. "Specific jurisdiction is exercised over a defendant in a suit that directly arises out of or relates to one or more contacts that the defendant has with the forum." Gregurek, 138 S.W.3d at 885; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); Youn, 324 F.3d at 418.

Here there can be no general jurisdiction since the uncontroverted evidence before the Court is that Woods never lived in, nor had any connection, with Tennessee. Nor is there specific jurisdiction.

While Plaintiff argues, as he did in response to KBR's motion, that personal jurisdiction should be exercised over Woods on the ground Woods caused "tortious injury in this state by an act or omission outside this state" with the injury felt in Tennessee, see Tenn. Code Ann. § 20-2-223(4), the Court rejects the contention for the same reasons that the Court rejected it in regard to KBR's Motion to Dismiss. Likewise, each of the cases Plaintiff cites are the same as those cited in response to KBR's motion and all are distinguishable on the ground that the injury itself in those cases occurred

4

within the forum state, not simply the consequential ramifications of injury as in the case before the Court.

Simply put, Plaintiff has not established any basis for personal jurisdiction over Woods. The injury occurred in Kuwait as a result of the alleged negligence of a non-Tennessee resident who never had any connection with Tennessee. In no way can it be said that Woods availed himself of the protection and benefit of Tennessee law.

Just as it did in regard to KBR's Motion to Dismiss, the Court recognizes that Plaintiff has "some interest in a convenient Tennessee forum for pursuing [his] claims, and Tennessee has a corresponding interest in providing a convenient forum for its residents." Davis-Kidd Booksellers, Inc. v. Day-Impex, Ltd., 832 S.W.2d 572, 576 (Tenn. Ct. App. 1992). These interests, however, must be balanced against the due process requirements of World-Wide Volkswagen Corp., 444 U.S. at 292, and this balancing weighs against the exercise of personal jurisdiction over Woods under the facts of this case.

Also as it did in relation to KBR's Motion, the Court rejects Plaintiff's assertion that any personal jurisdiction defense was waived when the case was removed from state court. Leaving aside that it was KBR and not Woods who removed the case (Woods was not served until almost two years after the case was removed), upon removal, this Court assumed the case where the state court left off, and Woods raised in his Answer the defense of lack of personal jurisdiction.

Plaintiff does raise an additional argument in relation to Woods' Motion for Summary Judgment. In his Declaration, Woods states that he does not maintain a personal residence in the United States. From this Plaintiff argues that "[p]ursuant to defendant's logic he can be sued in any district court" under 28 U.S.C. § 1391(d). (Docket Entry No. 62 at 3).

5

Section 1391(d) provides "[a]n alien may be sued in any district." 28 U.S.C. 1391(d). However, as this Court recently observed, "section 1391(d) is a venue provision and has no bearing on the question of personal jurisdiction." Watkins v. Kajuma Intern. Inc., 2007 WL 865823 at *4 n. 5 (M.D. Tenn. 2007) citing eMag Solutions, LLC v. Today Kogyo Corp., 2006 WL 378548 at *1 (N.D. Cal. 2006). In this regard, Plaintiff's reliance on Brunette Machine Works, Ltd. v. Kockum Indus. Inc., 406 U.S. 706, 708 (1972) is misplaced. "Brunette did not involve personal jurisdiction, but rather proper venue once valid service of process had been made." In re Vitamins Antitrust Litigation, 94 F.Supp.2d 26, 30 (D.D.C. 2000)(collecting cases); see also, Dicar, Inc. v. L.E. Sauer Machine Co., Inc., 530 F.Supp. 1083, 1088 (D.N.J. 1982)(Brunette "involved an infringement suit against an alien, as to whom there would be no applicable venue provision despite adequate jurisdiction, unless 28 U.S.C. § 1391(d), itself a special venue provision, was applied").

### III. CONCLUSION

Because Plaintiff's injury occurred in the country of Kuwait and Plaintiff has not made any showing that this Court may exercise personal jurisdiction over Woods in Tennessee, Woods' Motion for Summary Judgment will be granted. Further, because Woods is the sole remaining Defendant, this action will be dismissed without prejudice.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE